UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM LEE KAUFFMAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 01-1104 (RBW) |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on defendant International Brotherhood of Teamsters' ("IBT") motion for sanctions ("Def.'s Mot."). Following the plaintiff's counsel's failure to appear at a November 21, 2003 status hearing and a December 4, 2003 show cause hearing, the Court stated that it would entertain a motion to dismiss this case that was filed by the defendant based on the plaintiff's failure to properly prosecute this case. While on June 9, 2004, this Court denied the defendant's motion to dismiss for failure to prosecute, it finds that the plaintiff's counsel's conduct merits the imposition of a sanction and will therefore grant the defendant's motion.

The defendant correctly notes that "[t]his Court possesses discretion under [Federal Rule of Civil Procedure 11] and 28 U.S.C. § 1927 to determine whether an attorney's dilatory conduct merits sanction." Def.'s Mot. at 2 (citing Laprade v. Kidder Peabody & Co., 146 F.3d 899, 904 (D.C. Cir. 1998)). Rule 11 serves to deter "baseless filings" and curb abuses of the judicial system. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 384 (1990). While the "[p]laintiff

counsel's dilatory conduct in failing to conduct ordered discovery and failing to appear at two scheduled hearings caused the defendant to incur substantial costs and attorney's fees[,]" the plaintiff's counsel has not submitted any baseless filings to the Court which would warrant Rule 11 sanctions. Additionally, Rule 11 sanctions are inapplicable to discovery violations. Def.'s Mot. at 3. The purpose of Rule 11 "is not reimbursement but 'sanction.'" Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120, 126 (1989). Because the plaintiff's counsel's dilatory conduct was related to his failure to attend scheduled hearings and not groundless filings, this Court must deny granting sanctions pursuant to Rule 11.

   Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "Although the standard under section 1927 is somewhat unsettled, attorney behavior must be at least 'reckless' to be sanctionable under [this] section and must constitute 'bad faith' to justify invoking the court's inherent powers." United States v. Wallace, 964 F.2d 1214, 1217 (D.C. Cir. 1992). The Circuit Court "long has treated reckless and intentional conduct as similar, and in general requires deliberate action in the face of a known risk, the likelihood or impact of which the actor inexcusably underestimates or ignores." Id. at 1220. While plaintiff's counsel's failure to appear at the November 21, 2003 hearing because he was on vacation and his explanation about not being aware of the December 4, 2003 hearing are inexcusable, his behavior does not appear to reflect a "reckless indifference to the merits of the claim." Id. at 1219. Furthermore, "all of the courts, including those applying a lesser standard,

at minimum agree that unintended, inadvertent, and negligent acts will not support an imposition of sanctions under section 1927." Id. at 1219.  Thus, as the plaintiff's counsel's failure to attend the court hearing was negligent and careless, and did not amount to reckless indifference or bad faith, this Court must deny the defendant's motion for sanctions under section 1927.

"When rules alone do not provide courts with sufficient authority to protect their integrity and prevent abuses of the judicial process, the inherent power fills the gap." Shepherd v. American Broadcasting Companies, Inc., 62 F.3d 1469, 1474 (D.C. Cir. 1995).  "As old as the judiciary itself, the inherent power enables courts to protect their institutional integrity and to guard against abuses of the judicial process with contempt citations, fines, awards of attorneys' fees and such other orders and sanctions[.]" Id. at 1472.  However, "[a] court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees[.]" Chambers v. NASCO, 501 U.S. 32, 50 (1991).  In Coston v. Detroit Edison Company, 789 F.2d 377 (6th Cir. 1986), the plaintiff's counsel repeatedly failed to appear at hearings and at an oral argument.  The court found the reasons for his absence to be unacceptable and determined that "[t]his is an appropriate case for imposition of sanctions where counsel has repeatedly failed to appear to prosecute the asserted cause of action.  His latest absence at oral argument caused his adversary unnecessary time and expense." Id. at 379.  As in Coston, plaintiff's counsel's failure to appear at either status conference has caused defendant unnecessary time and expense and wasted valuable judicial resources.  As a result, the sanction of awarding defendant's attorney fees is appropriate.  While the Court finds that sanctions are appropriate, the defendant's request for $3,991.10, though reasonable, appears to be excessive in light of plaintiff's counsel's circumstances and the fact that such an award would be in excess of his monthly salary.  See

Opp'n at 8.  Upon consideration of the Court's finding that sanctions are appropriate in this case, in conjunction with the Court's conclusion that the defendant's request is excessive in light of counsel's financial situation, the Court finds that a sanction against counsel in the amount of $500.00 payable to the defendant, is appropriate.  Accordingly, it hereby on this 16th day of August, 2004

      **ORDERED** that the International Brotherhood of Teamsters Motion for sanctions is **GRANTED.**  It is

      **FURTHER ORDERED** that plaintiff's counsel shall pay the defendant $500.00 within ten (10) days of the entry of this order.

      **SO ORDERED**.

                                        REGGIE B. WALTON  
                                        United States District Judge