## ZAZZALI, ZAZZALI, FAGELLA & NOWAK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
ONE RIVERFRONT PLAZA
NEWARK, N.J. 07102-5410

(973) 623-1822
TELECOPIER: (973) 623-2209

ANDREW F. ZAZZALI (1925-1969)

ANDREW F. ZAZZALI, JR.
JAMES R. ZAZZALI (N.J., N.Y. & D.C. BAR)
ROBERT A. FAGELLA (N.J. & N.Y. BAR)
KENNETH I. NOWAK (N.J., N.Y. & D.C. BAR)
RICHARD A. FRIEDMAN
PAUL L. KLEINBAUM (N.J., PA. & MI. BAR)
KATHLEEN A. NAPRSTEK (N.J. & PA. BAR)
AILEEN M. O'DRISCOLL (N.J. & PA. BAR)
EDWARD H. O'HARE (N.J. & PA. BAR)

CHARLES J. FARLEY JR., P.A.
(CERT. CIV. TRIAL ATTORNEY)
SPECIAL COUNSEL

TRENTON OFFICE
150 WEST STATE STREET
TRENTON, N.J. 08608
(609) 392-8172
TELECOPIER: (609) 392-8933

PLEASE REPLY TO NEWARK

September 9, 1998

Mr. William L. Kauffman
P.O. Box 2481
Washington, D.C. 20013

      Re: United Parcel Service, Inc.
          Local 177 I.B.T. Retirement Plan;
          Your application for Benefits

Dear Mr. Kauffman:

Your letter to Wayne Fernicola dated May 22, 1998, with its attachment was reviewed and considered by the Trustees at a regular meeting on September 4, 1998. We, as co-counsel to the U.P.S. - Local 177 I.B.T. Retirement Plan have been requested to respond and advise you of the Trustees' decision.

Regretfully, but unequivocally, we must advise you that you are not entitled to, nor can either Local 177 or U.P.S. grant, full credit and contributions for health, welfare and pension benefits during the period of your employment with the International Union.

Your complaint, or request, is apparently based upon a misunderstanding or misreading of the applicable and relevant documents.

EXHIBIT 4
Case No. 1:CV-01104 (RBW)   IBT - 0368

First.    You should know that a retirement plan such as the U.P.S. 177 Plan can permit participation and provide benefits only in strict accordance with the Plan documents.  The Plan documents are, of course, the retirement plan itself (also known as "Rules and Regulations of the United Parcel Service, Inc. - Local 177 I.B.T. Retirement Plan") and the Agreement and Declaration Trust for that Pension Fund.  There is no inconsistency between the Collective Bargaining Agreement and the Plan and even if there was, the provision of the Plan would control.

You have apparently misconstrued Article 60, Section 1, of the collective bargaining agreement.  The section merely provides for *seniority* rights for employees who serve the Union in a full time capacity as officers or representatives who will serve the Joint Council or International Union in that capacity.  Seniority rights are not synonymous with participation in the Pension and Health and Welfare Plans.  You are not on a "leave of absence" as described in Section 3 of Article 60 of the collective bargaining agreement.  You will note that Section 3 provides for a leave of absence which can be obtained only if the employee secures the written permission of both the Union and the employer and further provides for a maximum leave of absence of 90 days subject to extension.  It also specifies that "During a leave of absence, the employee shall not engage in gainful employment, except as provided in Section 4 below."   It cannot be denied that you are engaged in gainful employment with the International Union.

Similarly, your reliance upon Section 1.5 of the Pension Plan documents, defining "Covered Employment" is misplaced. Employment

in accordance with Section 1.7(c), is applicable to an Employee "who is on leave of absence by reason of his duties as an employee of the Union." The "Union" is defined in the Plan as Local 177 I.B.T. The International is not the "Union," as defined in the Pension Plan documents. Likewise, paragraph 2.8(c) of the Agreement and Declaration of Trust, while defining Employee as one on a leave of absence by reason of his duties as an employee of the Union, is misconstrued by you. Section 2.6 of the Trust Agreement, defines Union as "Local 177 I.B.T."

In the final analysis, in no way can your employment with the International Union be defined as employment by Local 177.

Your reference to "similar circumstances" in footnote 3 of your letter is likewise misplaced. First, the attempt to cover Brother McClam as per the letter of October 12, 1993 from then-International Vice President Mario Perrucci was not effected. Brother McClam was not allowed to participate in the Local 177 Employee Benefit Funds while employed as a Trustee by the International Union.

The other two references to Brothers Dale Arthur and Russ Osborne are totally dissimilar to your situation. In both cases Brothers Arthur and Osborne were employed by their respective Local Unions. In turn the International reimbursed the Local Union for the salary expenses and benefits that were provided by the Local Union as the employer of those two men. At no time were Brothers Arthur and Osborne construed to be employees of the International Union. In your situation, you have been and are being paid by the International as a employee of the International.

IBT - 0370

Also you have alluded to the Trustees' fiduciary duty. They have discharged that duty by affording benefits to you and all other participants, the benefits to which you and they are entitled, no more or no less. For the Trustees to permit you to participate in the Plan, contrary to the express provisions of the Plan would be a breach of fiduciary duty. Accordingly, your request for participation and/or benefits for the period of time during which you are employed by the International Union, must be denied.

Very truly yours,

ZAZZALI, ZAZZALI, FAGELLA & NOWAK

By: *[signature]*
Andrew F. Zazzali, Jr.

AFZ:eo
cc: Board of Trustees
    Attn: Mary Ann Tweddle
    Wayne Fernicola
    Martin Oppenheimer, Esq.